Michael J. McCue
Nevada Bar No. 6055
Meng Zhong
Nevada Bar No. 12145
Lewis Roca Rothgerber Christie LLP
3993 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada 89169
Telephone: (702) 949-8224
E-mail: mmccue@lrrc.com
E-mail: mzhong@lrrc.com

Michael A. Dorfman (*Pro Hac Vice*)
Dykema Gossett PLLC
10 S. Wacker Dr., Suite 2300
Chicago, IL 60601
Telephone: (312) 876-1700
E-mail: mdorfman@dykema.com

*Attorneys for Plaintiff Tobii AB*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| TOBII AB, | **Case No.: 2:18-cv-01681-MMD-BNW** |
| Plaintiff, | |
| vs. | **SECOND AMENDED COMPLAINT (JURY DEMAND)** |
| BEIJING 7INVENSUN TECHNOLOGY CO., LTD., | |
| Defendant. | |

Plaintiff, Tobii AB ("Tobii"), for its Second Amended Complaint against Defendant, Beijing 7invensun Technology Co., Ltd. ("Defendant"), states as follows:

## I.    JURISDICTION AND VENUE

1.    This is an action that arises for patent infringement under the patent laws of the United States, 35 U.S.C. § 1, *et seq.*, including 35 U.S.C. §§ 271, 281, 283, 284 and 285. This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a).

2.    On information and belief, this Court may exercise personal jurisdiction over the Defendant based upon the Defendant's contacts with this forum, including Defendant's intentionally doing business here and having committed acts of infringement within this forum by

promoting, distributing, using, offering to sell and selling products that, when used, practice Tobii's patent including at and through participation in the annual CES show in Las Vegas, Nevada.

3.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(c)(3). Defendant is a foreign defendant and may be sued in any judicial district. Specifically, it is a Chinese corporation with its principal place of business in Beijing, China. In *Brunette Mach. Works., Ltd. v. Kockum Indus., Inc.*, 406 U.S. 706, 706-07 (1972), the Supreme Court held that when a foreign defendant is sued in a patent infringement action, the general venue provision, 28 U.S.C. § 1391, governs.

4.      The exhibits to this Amended Complaint are:

A.      U.S. Patent No. 6,659,611;

B.      Quick Instructions for the aGlass DK II;

C.      Users' Manual for aGlass DK II;

D.      Users' Manual for aGlass-vi-1;

E.      Screenshots from www.aglass.com/product (visited on 16 August 2018); and

F.      A claim chart applying claims 1-3 of U.S. Patent No. 6,659,611 to the aGlass DK II.

## II.      PARTIES

5.      Tobii is a corporation organized and existing under the laws of Sweden with its principal place of business in Danderyd, Sweden. Tobii is the world leader in eye tracking and gaze interaction. Its technology makes it possible for computers to know exactly where users are looking.

6.      On information and belief, Defendant is a corporation organized and existing under the laws of China with its principal place of business at Room 1801-1803, Radiance JinHui Building, Qiyang Road, Wangjing, Chaoyang District, Beijing, China. On further information and belief, Defendant has done and is doing business under the following additional name: 7invensun.

///

///

### III.     GENERAL ALLEGATIONS

**A.     The '611 Patent**

7.     On December 9, 2003, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 6,659,611 ("the '611 Patent"), entitled "System and Method for Eye Gaze Tracking Using Corneal Image Mapping," to Arnon Amir, Myron Dale Flickner, David Bruce Koons and Carlos Hitoshi Morimoto, who assigned all of their rights and interests in the '611 Patent to International Business Machines Corporation ("IBM"). IBM subsequently assigned all of its rights and interests in the '611 Patent to IPG Healthcare 501 Limited, which subsequently assigned all of its rights and interests in the '611 Patent to Tobii Technology AB. Thereafter, Tobii Technology AB changed its name to Plaintiff, Tobii AB. Thus, Tobii is the owner of the '611 Patent. A true and correct copy of the '611 Patent is attached as Exhibit A to this Amended Complaint.

8.     Tobii possesses all rights under the '611 Patent and has standing to sue for past, present, and future damages, and injunctive relief.

9.     Claims 1-13 of the '611 Patent are valid and the '611 Patent is enforceable.

**B.     Defendant's Infringing Activities**

10.     The products manufactured, used, offered for sale, sold and imported into the United States by Defendant that infringe one or more claims of the '611 Patent include, but are not limited to, Defendant's eye tracking module, which, on information and belief, is called aGlass DK II. The identification of products in this Amended Complaint is by way of example only.

11.     The aGlass DK II module has no substantial non-infringing use.

12.     Defendant used the aGlass DK II module in the United States at the CES show in January 2018.

13.     Such use of the aGlass DK II module by Defendant constitutes direct infringement of the '611 Patent.

14.     Defendant also actively encouraged CES participants to use the aGlass DK II module in the United States at the CES show in January 2018.

15.     Such active encouragement by Defendant constitutes indirect infringement of the

'611 Patent.

## COUNT I: PATENT INFRINGEMENT

16.    Tobii re-alleges and incorporates by reference the allegations of Paragraphs 1 through 15 above as though fully set forth herein.

17.    Defendant directly infringes one or more of the claims of the '611 Patent under 35 U.S.C. §§ 271(a) by using in the United States eye tracking devices including, but not limited to, the aGlass DK II.

18.    Claim 1 of the '611 Patent reads as follows:

1. A method for eye gaze tracking, comprising the steps of:

creating a set of reference points in a reference coordinate system;

acquiring at least one image of at least one of a user's corneas, said image having image aspects in an image coordinate system and including reflections of said reference points;

defining a mathematical relationship between said reference coordinate system and said image coordinate system;

mapping said image aspects from said image coordinate system to said reference coordinate system using said mathematical relationship; and

computing a point of regard from said mapped image aspects.

19.    Claim 2 of the '611 Patent reads as follows:

2. The method of claim 1 wherein said reference points include at least one of: a printed pattern around a screen, an unobtrusively interlaced pattern in said screen, a set of controlled light sources around said screen, content displayed in said screen, a set of controlled light sources behind said screen.

20.    Claim 3 of the '611 Patent reads as follows:

3. The method of claim 2 wherein said screen includes at least one of: a computer monitor, a whiteboard, a desktop, a windshield, an advertisement, a television screen.

21.    Pursuant to 35 U.S.C. § 271(a), Defendant has directly infringed and continues to directly infringe the '611 Patent by using in the United States products that incorporate or make use of one or more of the inventions disclosed by the '611 Patent, including but not limited to the aGlass DK II module. Defendant directly infringes one or more claims of the '611 Patent,

including at least claims 1-3 of the '611 Patent. *See* Exhibit F.

22.     The aGlass DK II module performs a method for eye gaze tracking. *See* Exhibit F at row 1.

23.     The aGlass DK II module creates a set of reference points in a reference coordinate system. *See* Exhibit F at row 2.

24.     The aGlass DK II module acquires at least one image of at least one of a user's corneas, said image having image aspects in an image coordinate system and including reflections of said reference points. *See* Exhibit F at row 3.

25.     The aGlass DK II module defines a mathematical relationship between said reference coordinate system and said image coordinate system. *See* Exhibit F at row 4.

26.     The aGlass DK II module maps said image aspects from said image coordinate system to said reference coordinate system using said mathematical relationship. *See* Exhibit F at row 5.

27.     The aGlass DK II module computes a point of regard from said mapped image aspects. *See* Exhibit F at row 6.

28.     The aGlass DK II module includes reference points wherein said reference points include a set of controlled light sources around said screen. *See* Exhibit F at row 7.

29.     The HTC Vive, in which the aGlass DK II module is installed, includes a screen that is a computer monitor. *See* Exhibit F at row 8.

30.     Unless enjoined, Defendant will continue to engage in direct infringement of the '611 Patent and will cause additional irreparable injury to Tobii for which it has no remedy at law.

31.     Pursuant to 35 U.S.C. § 271(b), Defendant has indirectly infringed and continues to indirectly infringe the '611 Patent by actively inducing others to use in the United States the aGlass DK II module with the HTC Vive virtual reality headset.

32.     Upon information and belief, with knowledge of the '611 Patent and its infringement thereof, Defendant knowingly instructs and directs users/customers to use the aGlass DK II module in such a way as to directly infringe the '611 Patent. For example, Defendant instructs and encourages participants at CES on proper use of the aGlass DK II module. Further,

5

the aGlass DK II module package includes Quick Instructions for the aGlass DK II module. *See* Exhibit B. Still further, the aGlass DK II Quick Instructions includes a QR code from which the aGlass DK II Users Manual can be downloaded. *See* Exhibit C.

33.    As a direct and proximate result of Defendant's active inducement of direct infringement by third parties of the '611 Patent, Tobii has suffered injury and monetary damage for which it is entitled to recover damages.

34.    Unless enjoined, Defendant will continue to actively induce infringement by third parties of the '611 Patent and will cause additional irreparable injury to Tobii for which it has no adequate remedy at law.

35.    Upon information and belief, Defendant's active inducement of direct infringement by third parties has been and continues to be with full knowledge of the '611 Patent and Defendant's infringement thereof no later than the filing date of the original Complaint. Moreover, a copy of the original Complaint was sent to Defendant by e-mail on September 19, 2018.

36.    Pursuant to 35 U.S.C. § 271(c), Defendant has indirectly infringed and continues to indirectly infringe the '611 Patent by contributing to the direct infringement of the '611 Patent by others in the United States through the use of the aGlass DK II module by others with the HTC Vive virtual reality headset. The aGlass DK II has no substantial non-infringing use.

37.    Upon information and belief, with knowledge of the '611 Patent and its infringement thereof, Defendant knowingly instructs and directs users/customers to use the aGlass DK II module with the HTC Vive virtual reality headset in such a way as to directly infringe the '611 Patent. For example, Defendant instructs and encourages participants at CES on proper use of the aGlass DK II module with the HTC Vive virtual reality headset. Further, the aGlass DK II module package includes Quick Instructions for the aGlass DK II module. *See* Exhibit B. Still further, the aGlass DK II Quick Instructions includes a QR code from which the aGlass DK II Users Manual can be downloaded. *See* Exhibit C.

38.    As a direct and proximate result of Defendant's contributory infringement of the '611 Patent, Tobii has suffered injury and monetary damage for which it is entitled to recover damages.

39.     Unless enjoined, Defendant will continue to contributorily infringe the '611 Patent and will cause additional irreparable injury to Tobii for which it has no adequate remedy at law.

40.     Upon information and belief, Defendant's contributory infringement has been and continues to be with full knowledge of the '611 Patent and Defendant's infringement thereof no later than the filing date of the original Complaint.  Moreover, a copy of the original Complaint was sent to Defendant by e-mail on September 19, 2018.

41.     Defendant's knowing, willful and deliberate direct infringement and infringement by inducement of the '611 Patent, including at least claim 1, in conscious disregard of Tobii's rights, makes this case exceptional within the meaning of 35 U.S.C. § 285 and justifies treble damages pursuant to 35 U.S.C. § 284, as well as attorneys' fees pursuant to 35 U.S.C. § 285.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Tobii prays for judgment in its favor and against Defendant as follows:

A.      A permanent injunction against Defendant's continued direct infringement of the '611 Patent, as well as against continued inducement of infringement of this patent;

B.      An award to Tobii of all damages caused by Defendant in an amount to be determined at trial;

C.      A finding that Defendant's infringement was willful entitling Tobii to an award of treble damages pursuant to 35 U.S.C. § 284;

D.      A finding that Defendant's infringement constitutes an exceptional case entitling Tobii to an award of its attorneys' fees pursuant to 35 U.S.C. § 285;

E.      An award to Tobii of pre-judgment interest at the maximum legal rate from the earliest date allowed until the date of judgment;

F.      An award to Tobii of post-judgment interest at the maximum legal rate pursuant to 28 U.S.C. § 1961;

G.      An award to Tobii of all costs incurred by it in connection with this lawsuit pursuant to 28 U.S.C. § 1920; and

H.      Such other and further relief as the Court may deem just.

**DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38, Tobii hereby demands a trial by jury on all issues for which a trial by jury may be had.

Dated: June 10, 2019

Lewis Roca Rothgerber Christie LLP


 /s/ Michael J. McCue
Michael J. McCue (Nevada Bar No. 6055)
Meng Zhong (Nevada Bar No. 12145)
3993 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada 89169
Telephone: (702) 949-8224
E-mail: MMcCue@LRRC.com
E-mail: MZhong@LRRC.com

Michael A. Dorfman (*Pro Hac Vice*)
Dykema Gossett PLLC
10 S. Wacker Dr., Suite 2300
Chicago, IL 60601
Telephone: (312) 876-1700
E-mail: mdorfman@dykema.com


*Attorneys for Plaintiff Tobii AB*